IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **NICHOLAS BARBATI,** | ) |
| **Petitioner,** | ) |
| v. | ) Civil Action No. 5:12-0911 |
| **WARDEN,** | ) |
| **Respondent.** | ) |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner's letter-form Motion to Transfer Case to the Appropriate District Court (Document No. 11.), filed on September 4, 2012.

On March 19, 2012, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed in the Middle District of Florida his Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document No. 1.) By Order entered on March 27, 2012, the District Court for the Middle District of Florida transferred this matter to this District as Petitioner was incarcerated at FCI Beckley. (Document No. 2.) By letter filed on August 31, 2012, Petitioner notified the Court that he was "currently in transit." (Document No. 10.) On September 4, 2012, Petitioner filed a letter-form Motion to Transfer Case to the Appropriate District Court. (Document No. 11.) Specifically, Petitioner stated that he had been transferred to USP Lee and requested that his Petition be transferred to the appropriate District Court. (Id.)

Pursuant to 28 U.S.C. § 2241(a), a writ of *habeas corpus* "may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge *within their respective jurisdictions*." 28 U.S.C. § 2241(a)(emphasis added). Title 28 U.S.C. § 2242 provides that a petitioner should name "the person who has custody over him" as the respondent to his *habeas*

petition. 28 U.S.C. § 2242. The custodian is "the person with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2006). The Court finds that Petitioner is currently incarcerated at USP Lee, which is located in Jonesville, Virginia. This Court, however, does not have jurisdiction over Petitioner's current warden, who is located in Virginia. Jurisdiction with respect to the claims which Petitioner raised herein is therefore in the Western District of Virginia. Accordingly, the Court finds that the transfer of this matter is in the interest of justice and therefore warranted. See 28 U.S.C. § 1631.

Accordingly, it is hereby **ORDERED** that Petitioner's Motion to Transfer Case to the Appropriate District Court (Document No. 11.) is **GRANTED** and this matter is **TRANSFERRED** to the Western District of Virginia pursuant to 28 U.S.C. § 1631. The Clerk is directed to **REMOVE** this matter from the Court's docket.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to Petitioner, who is acting *pro se*, and the Clerk of the Court for the United States District Court for the Western District of Virginia.

ENTER: February 5, 2013.

R. Clarke VanDervort
United States Magistrate Judge

2

Case 7:13-cv-00048-GEC-RSB   Document 19   Filed 02/05/13   Page 2 of 2   Pageid#: 63