CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 05 2013

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NICHOLAS BARBATI, | ) | CASE NO. 7:13CV00048 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| WARDEN, USP LEE COUNTY, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Nicholas Barbati, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, asserting that the calculation of his term of confinement by the Bureau of Prisons ("BOP") does not include prior custody credit to which he is entitled.[1] Upon review of the record, the court concludes that Barbati fails to state facts on which he is entitled to habeas relief under § 2241.

I

Authorities in Volusia County, Florida arrested Barbati on July 2, 2009, for possession of cocaine, possession of narcotic equipment, and deriving support from prostitution in Case No.

---

[1] Barbati filed this § 2241 petition in the United States District Court for the Middle District of Florida, and it was transferred to the United States District Court for the Southern District of West Virginia, because petitioner was confined briefly in that district while in transit. On February 5, 2013, the case was transferred to this court because Barbati was then confined at the United States Penitentiary in Lee County ("USP Lee County"), Virginia, within this court's jurisdiction. This court substituted the warden of USP Lee County as the respondent and required a response to Barbati's petition. Barbati was later transferred to USP Atwater in California and is currently confined there.

Ordinarily, the petitioner's current custodian is the proper respondent to a § 2241 petition. See Rumsfeld v. Padilla, 542 U.S. 426 (2004). The warden of USP Lee County has not raised any objection regarding jurisdiction and has filed a motion to dismiss. Moreover, because Barbati was confined in the Western District of Virginia at the time this court received his petition, the court concludes that his subsequent transfer to California did not defeat this court's jurisdiction to address his § 2241 claims. Id. at 442-443.

1009 033618 CFAES.[2] He was released on bond that same day. County authorities arrested Barbati again on October 15, 2009, related to the same case, and again, released him on bond the same day. On April 20, 2010, the Volusia County Circuit sentenced Barbati to six months (180 days) in prison for this set of charges.[3] Barbati received two days of prior custody credit toward this sentence, for July 2 and October 15, 2009 (the days when he was arrested and released).

Volusia County authorities arrested Barbati on March 12, 2010, for "domestic violence in Case No. 2010 034030 MMAES." M.Dism. Ex. 1, at ¶6. He was convicted on this charge and sentenced on May 5, 2010, to 55 days in prison, "with credit for time served for domestic battery in Case No. 2010 034030 MMAES."[4] Id. at ¶8.

Federal authorities "borrowed" Barbati under a writ of *habeas corpus ad prosequendum* on May 13, 2010, so that he could face federal charges in the United States District Court for the Middle District of Florida. While Barbati was thus "on loan" to federal authorities, they received

---

[2] The warden has provided the information summarized here regarding Barbati's court proceedings, in reliance on an affidavit from a correctional programs specialist with the BOP's designation and sentence computation center; Barbati's Presentence Investigation Report ("PSR"), which has not been provided to the court; and other supporting documentation. While Barbati's allegations dispute some facts from this summary, as noted, the disputed facts are not material to the court's determination that Barbati's factual allegations fail to demonstrate improper calculation of Barbati's prior custody credit by federal officials. Therefore, the court finds no need to expand the record by requiring the warden to submit the PSR or any other additional documentation.

[3] Although Barbati asserts that he was acquitted of two of the three charges the warden describes in this case, Barbati does not dispute the length of the sentence imposed or the sentencing date the warden provides for the case.

[4] The warden's documentation indicates that this case concerned a charge that Barbati had violated pretrial release conditions. M. Dism. Ex. 1, Attach. B, at 7 (ECF No. 34-3). Again, however, Barbati does not dispute the length of the sentence imposed or the sentencing date the warden provides for the case.

information indicating that his state sentence had expired on August 26, 2010.[5] On November 30, 2010, the District Court in Florida sentenced Barbati to three concurrent terms of 48 months in prison for conveying false information and hoax, filing a false claim with the Internal Revenue Service, and making a false distress call.

According to the warden's evidence, for purposes of sentence calculation, Barbati's federal sentence commenced on the day of his federal sentencing, November 30, 2010, and he began serving that sentence on that date. In addition, he received 95 days of prior custody credit for time served from August 27, 2010, the day after his state sentence expired, until November 29, 2010, the day before his federal sentence commenced. Barbati's current projected release date is May 24, 2014.[6]

Liberally construed, Barbati's § 2241 submissions assert the following overlapping grounds for relief: (a) the Bureau of Prisons ("BOP") unlawfully computed his sentence; (b) the BOP unlawfully denied him prior custody credit; and (c) the BOP revoked or refused to credit him with good time he earned, or should have earned under state law.[7] Barbati has also filed a pleading styled as a "motion for summary judgment." In his submissions, Barbati asserts that he is entitled to an additional 180 days of prior custody credit against his federal sentence, because all of his state and federal sentences were imposed to run concurrently. Separately, he asserts

---

[5] A sentence calculation memo attached to the warden's motion indicates that federal officials verified with state officials by telephone that Barbati's state sentence ended on August 26, 2010. M. Dism. Ex. 1, Attach. D, at 7 (ECF No. 35-2).

[6] It is not clear from the record what other federal criminal sentences Barbati may have faced, in addition to the two-year sentence at issue here.

[7] The warden asserts that Barbati failed to exhaust administrative remedies as to the good conduct credit aspect of his petition. The remedy forms attached to the petition reflect, however, that Barbati did raise the issue of good conduct time during the administrative remedies process. Thus, the court cannot find from the record that the warden has established lack of exhaustion as a ground for dismissal of this aspect of Barbati's claim.

3

that he signed paperwork indicating that his state sentence ended on May 13, 2010, the day federal officials borrowed him on a writ, and as such, he should receive federal credit from May 13 to August 26, 2010.[8] In the alternative, he argues, if he was still serving his state sentence during that time, under state law, he was entitled to 60 days of good conduct credit against the state time, which would have allowed him to complete the state sentence sooner than August 26, 2010.[9] The United States moves to dismiss the petition, and Barbati has responded, making the matter ripe for consideration.

## II

The broadest of Barbati's arguments for prior custody credit asserts that because the federal and state sentences are "concurrent," he should receive credit against his federal sentence for all the jail time he served. The facts of his case, however, do not support this claim.

If a federal sentence is imposed to run concurrently with an existing state sentence, the BOP may designate that the inmate will serve his federal sentence at the state prison facility where he is serving the state sentence, thus allowing him to accrue credit against both sentences. See 18 U.S.C. § 3621(b); BOP Program Statement 5160.05. These circumstances did not arise in Barbati's case. His federal sentence was imposed on November 30, 2010, after Barbati had completed his state sentences and was no longer in state custody. Moreover, while the federal judgment indicates that the federal sentences are to run concurrently to each other, it does not

---

[8] In the administrative remedy forms attached to Barbati's petition, he asserts that his state sentence ended on June 29, 2010. § 2241 Pet. Attach. A, at 3.

[9] Barbati asserts in his motion for summary judgment that because his offense conduct for one of the state charges was a necessary "part of the offense conduct" for the federal charge, he should receive credit for the state sentence against the federal sentence. This allegation, which is not clearly designated as a separate claim in Barbati's petition, appears to assert a challenge to the validity of the federal conviction and/or sentence as imposed. Such a claim must be raised in a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 in the sentencing court, see In re Jones, 226 F.3d 328, 333 (4th Cir.2000), and will not be addressed here.

4

indicate that the federal sentences are to run concurrently with any sentence from another jurisdiction. For these reasons, the fact that one or both of Barbati's state sentences were imposed to run concurrently with other sentences does not affect the calculation of his federal sentence.

Barbati next asserts that he should receive credit against his federal sentence for all time served after May 13, 2010, when federal authorities "borrowed" him under the ad prosequendum writ. In essence, Barbati alleges that federal officials, in calculating the length of his term of confinement under the 180-day sentence imposed April 20, 2010, failed to recognize that he had signed paperwork indicating his state sentence was complete as of May 13, 2010. In the alternative, he argues that he should have been credited with good conduct credit under state law to reduce the length of this sentence by 10 days for every 30 days served.

To calculate what, if any, additional periods of prison time served must be credited against Barbati's federal prison sentence, the court must determine when the state relinquished primary custody of him. It is well established that

> [a] federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. See Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir. 1992).

United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). "[A] federal writ of habeas corpus ad prosequendum merely loans the prisoner to federal authorities" and does not "transform[ ] a state prisoner into a federal prisoner" Id. (citations omitted).

5

Because state officials arrested and detained Barbati on March 12, 2010, the state had primary jurisdiction over him until he completed his state sentences.[10] Moreover, as long as the state retained primary custody, he continued to serve his state obligations, even while subject to the federal ad prosequendum writ. Only after he completed his state sentences and state authorities relinquished primary custody on August 26, 2010, did his official detention on the federal charges began.

Barbati has no claim that BOP officials miscalculated his term of confinement on the state sentence. BOP officials have no responsibility or authority for determining the amount of good conduct time under state law to be credited against his state sentence or for figuring out when he completed his state sentence.[11] The obligation to complete such calculations falls to appropriate state officials, based on records from the state courts and the state prisons or jails involved in Barbati's state criminal proceedings and custody. Moreover, Barbati does not refute the warden's evidence of state authorities' report to BOP officials that Barbati's state sentence was completed on August 26, 2010. BOP officials could rightfully rely on this sentence completion date as reported to them by state authorities.

The gist of Barbati's petition is that the BOP did not give him all the prior custody credit to which he was entitled. The facts he alleges, however, are not sufficient to demonstrate any miscalculation under the applicable federal statutes.

Calculation of the prior custody credit a defendant may receive against his federal sentence is governed by § 3585(b), which states:

---

[10] Barbati asserts that he was arrested on March 12, 2010, on both state and federal charges. The possibility that he had charges from both jurisdictions pending at the time of his arrest, however, does not change the fact that Volusia County officials arrested and detained him on that date, giving the state primary jurisdiction over him.

[11] Barbati cites no authority in support of his vague assertion that BOP officials should apply good conduct time authorized under Florida law against his federal term of confinement.

6

    (b)    Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

        (1)    as a result of the offense for which the sentence was imposed; or

        (2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585. In this section, "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992). Thus, by statute, the BOP cannot grant prior custody credit for time served before commencement of the defendant's federal sentence, if the prisoner has received credit for that custody toward another sentence. United States v. Brown, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. 1992) (unpublished) (finding defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence).

    Barbati's federal sentence commenced on November 30, 2010, the date when it was imposed. § 3585(a). Under § 3585(b), he could receive credit against his federal sentence for any period of official detention served before November 30, 2010, for which he did not receive state sentence credit. According to state officials' report to the BOP, Barbati did not complete his state sentences until August 26, 2010. Service of his state sentences began upon his arrest and continued during the time between May 13 and August 26, 2010, although federal officials then had physical custody of Barbati under the writ of habeas corpus ad prosequendum. Because he has not demonstrated that he did not receive credit against his state sentences for that period

of time, Barbati has not demonstrated that he is entitled to receive prior custody credit against his federal sentence for that period.[12] § 3585(b).

For the reasons stated, the court concludes that Barbati has not stated facts on which he is entitled to relief under § 2241. Therefore, the court grants the warden's motion to dismiss and denies Barbati's motion for summary judgment. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 5th day of July, 2013.

_____
Chief United States District Judge

---

[12] Barbati complains that the federal sentencing judge told him he would receive prior custody credit for time served between May 13 and August 26, 2010. Because the BOP, and not the district court, is granted authority to calculate terms of confinement and prior custody credit, however, a judge's comments about sentence credit cannot entitle Barbati to relief under § 2241. United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989).